The next case is number 201913, Flavio Andrade-Prado, Jr. v. Merrick B. Garland. At this time, would Attorney Gianetti please introduce himself on the record to begin? Good morning, Your Honors. Jason Gianetti for the petitioner. May it please the Court, two minutes for rebuttal. Yes, you may have two minutes for rebuttal. Thank you. Due to the procedural posture of this case, the live issues before this Court are few and limited in scope. The most pertinent issue is the question of petitioner's in absentia conviction from Brazil. The term conviction is defined for the purposes of immigration law in the INA Section 101, parent small a, parent 48, and in 8 U.S.C. Section 1101, parent small a, parent 48, as a term, quote, with respect to an alien, a formal judgment of guilt of the alien entered by a court, or if adjudication of guilt has been withheld where, one, a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, close quote. As a matter of applicable U.S. immigration and foreign relations law, in absentia convictions are not entitled to any weight in the absence of a careful review of the fairness of the proceedings and the evidence against the individual. Pause here for a moment. The term in absentia proceedings, when I hear that, I think of one of those things where someone's fled the jurisdiction, they're not around and the proceeding is held and they have nothing to do with it and they find out later. But as I understand here from the record, your client had an attorney, was at court, heard witnesses testify. It doesn't sound like in an absentia proceeding of the type that I just referred to previously. With all due respect, Your Honor, my client did not flee from Brazil. He was not present for the reading of the conviction in court. Well, that's different than saying he was convicted in absentia or tried in absentia. Your Honor, the term in absentia is not defined any further. I will get to that in one moment. But the documents in this case state unambiguously that he was found guilty in absentia. He was in a prison cell. The document you're talking about is a document created by a U.S. immigration official, officer? That is correct, the I-213, Your Honor. And he wrote in absentia on the I-213? It says in absentia on the I-213. But you're not referring to any Brazilian records that would show? Your Honor, in my reply brief, there is an appendix which has the Interpol red notice, which was produced by the Brazilian government, which on the top of page two says, clearly and unambiguously, was the subject present in court when the judgment was rendered? No. But that's different than asking, was he present in court when the trial was held? There was one hearing, which I would characterize as an arraignment hearing, where the charges were levied and he was given a court-appointed attorney by the judge who had a vendetta against him and his family due to political reasons in the very small town that he lived in and where the court hearing was held. Those charges were levied against him. He was not able to say anything other than, I plead not guilty. His court-appointed attorney by this judge that had prejudice against him said nothing in his defense. The alleged victim in this case tried to recant her testimony and was told by the Brazilian police that if she did try to recant, they would convict her of a crime. And so she kept quiet. Where's the evidence that the judge had a vendetta? It was from my client's credible testimony. The immigration judge found his testimony to be credible without reservation, and he said that there is one hearing that he was present for where the court-appointed attorney made no attempt to prove his innocence. Or the record seems to show that there were other trials where my client was not brought out of his prison cell to be present for those trials, including the conviction. If I may. That seems very odd. He's got an attorney appointed. He's there in Brazil. He's in prison, and you're saying some trial that there's no record of was held? I'm not saying that there's no record of it. There is a record of it. In the administrative record, there are a number of dates that suggest that there were trials. My client did not know of them. He said he was present for the first hearing, and that was it. And so he challenged the conviction in Brazilian courts. After he was found guilty and he was tortured in Brazilian prison, both by prison guards and then later when he was given what we might call some sort of probation, where he was allowed out to work during the day but had to return to the prison at night, the other inmates tried to torture him to deliver drugs back and forth. When he wouldn't do it, he finally fled for his life using his brother's passport and came to the United States. While he was here, he tried to undo that underlying conviction. As a matter of applicable U.S. immigration and foreign relations law, in absentia convictions are not entitled to any weight in the absence of a careful review of the fairness of the proceedings and the evidence against the individual. HCFR section 40.21, small a, parent four states, quote, a conviction in absentia of a crime involving moral turpitude does not constitute a conviction within the meaning of the INA 212, parent small a, parent two, parent capital A, parent small i, parent small l. Close quote. The Department of State's Foreign Affairs Manual 9302.3-2, parent capital B, parent small g, parent two states, quote, a conviction in absentia does not constitute conviction unless the accused had a meaningful opportunity to participate in judicial proceedings. The inherent unreliability of in absentia, close quote, the inherent unreliability of in absentia convictions has led immigration and Article III courts in other jurisdictions to regard them circumspectly. To name two leading cases in this issue, Esposito v. INS in the Seventh Circuit from 1991 held that in the absence of proof of the fundamental fairness of the in absentia case, the conviction should hold no weight at all. Can I ask you just a housekeeping matter? Yes. From your reply brief, am I right in understanding that this is the only issue you're pursuing, the in absentia question? The in absentia and in the alternative, the fundamental fairness of the Brazilian case, and in the alternative of that, the political motivation of the judge in that case. But in a way, that's all one issue. Correct, Your Honor. Okay. Yes. Thank you. In the Haxijas v. Hackman case from the Fourth Circuit 2008, the court said, quote, underlying the disparate treatment of a conviction rendered in absentia is the notion that a trial in absentia is not likely to be a fair trial, close quote. This case also held that the burden of proof is on the government to establish that the in absentia conviction was a fair conviction. I see that my time is running out. What I would point out here is that the immigration judge, contrary to the black letter of the government-produced I-213 document, held that that document was to me the exact opposite of what the English language said. And in many cases, time after time, if I may, in immigration court, respondents have routinely tried to impeach the I-213 document, and it has been routinely held that that document is reliable unless shown otherwise. And in our case, the government did not produce a witness or even an affidavit to impeach their own I-213 document. But didn't someone say they talked for the officer who filled it out? That is totem hearsay in immigration by the immigration's own rules of evidence. My question wasn't was a hearsay. My question was didn't someone say that they talked to the officer who filled it out, and they reported what that officer told them? Yes, someone said that, and it was inappropriately admitted as evidence, and it proved dispositive in this case, and that should not have been the case given the immigration court own protocol. If there's no further questions, I'll reserve for rebuttal. Thank you. At this time, would counsel for the government please introduce themselves on the record to begin? May it please the court, Jeffrey Liest, appearing on behalf of the Attorney General. In this case, the agency properly determined that the petitioner's Brazilian rape conviction was valid for immigration purposes and that it rendered him ineligible for asylum, withholding of removal, or cancellation of removal. As far as the in absentia conviction, it wasn't. The petitioner was there. He participated in the trial. He was convicted. He was imprisoned. The fact that DHS erroneously misunderstood the timeline of events, and that's why it said in I-213 that it was in absentia, they believed that he had escaped prior to the conviction. That's why they said that. But what do you say? The argument has just been made that he was present in the court for an arraignment, but that wasn't the trial, and there are entries that then show that the trial itself occurred while he was in prison. A couple of things, Your Honor. One is that that's contrary to his own testimony. He was asked if this was an arraignment, and he said no. This was a hearing at which evidence was presented against him, and his attorney was given the opportunity to cross-examine, but chose not to. As far as him, there being additional hearings, there's no evidence of that. The document the petitioner cited to in the reply brief is at page 459 of the record. That clearly concerns his arrests and his releases. So there's entries on there, and the conviction in January of 2016 is one of the entries. Then there's a subsequent number of entries which appear to be some kind of check-in process, where after he was released on work release, he would come back and check in to make sure he was still around, and the last one shows that he escaped. So there is no evidence of any additional hearings as far as his trial is concerned, and the evidence that he points to doesn't actually post-date the conviction itself. Am I correct that there's roughly a year or so between the entry of the conviction and him leaving the country? I believe that it's about that, a year and a half maybe. And did he file any appeal? There was an appeal taken by his court-appointed attorney. His father apparently was somehow involved in that appeal. I think it went to the sentencing, but I'm not entirely sure what the substance of that was. But there was an appeal that was taken in Brazil, and then there was another attempt to introduce additional evidence or raise additional arguments by the petitioner after he came to the United States. So there's been a couple of attempts to get this either appealed or overturned in Brazil, and I'm not aware of any success on that front. Let me ask you, opposing counsel mentioned that the petitioner testified that the judge who tried him had a vendetta against him. What do you have to respond to that? That's all we have, Your Honors, the petitioner's testimony, is that there's no actual evidence of any kind of vendetta. It's just the petitioner believes that because this judge at some point ran against his cousin for mayor, it's not entirely sure whether that was before this hearing or before this conviction or afterward, that that must have somehow unduly influenced this in the political nature. But there's no actual... Counsel mentioned that the IJ found that testimony credible. Could you respond to that also? Sure, Your Honor. Credible testimony is a necessary but not sufficient finding. You have to have credible and persuasive and sufficient testimony. So this is kind of like a garland versus dye issue. You can be found credible and your testimony simply not be enough to actually establish what you're arguing it for. You see this all the time in cancellation of removal cases or asylum cases where someone says, if I go back to my country, X, Y, and Z will happen. And you can be found credible that you believe X, Y, and Z will happen. That doesn't actually mean that X, Y, and Z are going to happen. You actually have to have evidence in support of that besides just your own subjective belief. Okay, thank you. So this was not an in absentia criminal conviction, nor was this a politically motivated conviction, nor was this a travesty of justice. Again, the petitioner was afforded counsel, was given an opportunity to make a defense, was given an opportunity to appeal. The case he relies on, the Seventh Circuit decision of Doe, involved somebody who, amongst other issues, there were independent observers who found this to be a rigged trial. And there was a U.N. Truth Commission who recommended that that particular individual be pardoned because of the problems with the trial. That simply is not an issue in this case, Your Honor. The petitioner also raised some issues regarding the decisions to place him into proceedings and the conduct of the proceedings. Those are simply without merit to the extent the court could even reach them. There's no evidence that DHS did anything improper. When Brazilian authorities reached out to them and said, hey, this guy's a fugitive, the fact that they agreed to look into it and present him for removal proceedings, that's not improper. There's no indication that the immigration judge in this case was, as the petitioner suggests, unduly influenced from on high to deny the petitioner his applications for relief. I mean, there's no evidence of anything, that this was not a full and fair hearing where he was given an opportunity to testify, present witness testimony, present hundreds of pages of documents. There's pre- and post-hearing statements and memoranda and arguments. The decision itself addresses all the petitioner's claims, addresses the merits of his applications and the alternative. There simply is no indication that the petitioner in this case was denied any opportunity to actually seek the relief he sought or that there was any other evidence of impropriety by DHS or the immigration judge in this case. Is there no further questions? Thank you. Thank you. At this time, Mr. Gianetti, please go ahead and please introduce yourself on the record to begin your two-minute rebuttal. Attorney Jason Gianetti for the petitioner. If it pleases the Court, Your Honors, the I-213 government document is continually used by the government to find immigrants deportable. And when immigrants try to challenge that document, it is a very high standard that requires proof to impeach that document. I think the argument being made, the other side, is that your client described the proceedings in Brazil as other than an arraignment. Your Honors, on the witness testimony, my client did deny that it was an arraignment, but I think that that was a translation problem because if you look at the testimony, when he describes what happened, he says the charges were brought against me. I said that I was not guilty. My court appointed by the judge who had a vendetta against him, the attorney did not raise any arguments, did not bring in any witnesses, did not even question the alleged victim of this who later recanted and that recant by that alleged victim was, if not completely dismissed by the immigration judge, was given almost no weight for absolutely no reason given the rules of evidence in immigration court. I would also say that the petitioner, as you mentioned, was found credible and the witness testimony is very weighty in this case and I would say finally that given the four corners, excuse me, the square corners doctrine put forward by Judge Gorsuch in the Ms. Chavez case, it is incumbent upon the government to make their case, the burden is upon them to prove that this was anything other than an in absentia case. I think that the fact that, quote, unquote, in absentia is not defined any further than to be in absentia and that two documents independently, one from the government of Brazil in the Interpol notice and one from the United States government in I-213, both state unequivocally that this was in absentia, means that there is no other way to read this except for an in absentia case where it has no weight for immigration purposes. Thank you. Thank you, Mr. Giannulli. That concludes arguments in this case.